## BUNNELL v BUNNELL et

Ohio Appeals, 1st Dist, Warren Co

No 182.   Decided April 28, 1936

John E. Todd, Columbus, for appellant.
Frank Brandon, Lebanon, and C. Donald Dilatush, Lebanon, for appellee, Hershel M. Bunnell.

### OPINION

By ROSS, PJ.

Appeal on questions of law and fact, from the Court of Common Pleas of Warren County, Ohio.

The action is in partition and involves the construction of the will of Newton L. Bunnell, who died March 3rd, 1927.

Item XI of the will reads:

"All the rest and residue of my estate, both real and personal, I give, devise and bequeath to my beloved wife, Leslie M. Bunnell, and to my beloved son Herschel N. Bunnell, each to share according to law, suggesting that they hold the same in common as long as it may be consistent, di-viding the proceeds therefrom one third to Leslie M. Bunnell and two thirds to Herschel N. Bunnell."

The plaintiff, Leslie M. Bunnell, alleges that she is the widow of the testator and elected to take under his will, that at his death he was the owner of certain real estate described in the petition, that by the terms of his will she became the owner of an undivided one-half interest in said real estate and tenant in common thereof with Herschel N. Bunnell, a son of the testator by a former wife, that Herschel N. Bunnell has been in exclusive control of such premises, and has collected the rents and profits thereof. She prays for an accounting and partition. The prayer for an accounting was abandoned.

The answer of Herschel N. Bunnell alleges that the widow plaintiff is entitled to only one-third of the rents and profits of the real estate described.

Monimia J. Bunnell was mentioned by the plaintiff and defendant Herschel N. Bunnell in his answer as having some interest adverse to the principal parties to the suit. It appears from the answer of Monimia J. Bunnell that she is given an annuity under Item IX of the will of the testator, which was made a charge upon certain lands in Wayne Township, Warren County. It does not appear, however, that the interest of the annuitant is in any way involved in the instant case.

Item XI of the will is most clear and free from any ambiguity. It definitely gives to the widow and son the interests which these persons would receive had the testator died intestate, which according to the law in force at the time of the decease of the testator was a complete estate in the son subject to the dower of the widow. The suggestion of the testator as to joint holding of the estate can be no qualification of the specific devise expressed in clear and determinative language. It is a suggestion, and no more.

Is the plaintiff then entitled to partition? If she has merely a dower interest, clearly not. If she is a devisee under the will, she then becomes a tenant in common with the son, the extent of her interest being measured by the provisions of the Code in force at the death of the testator, defining the extent of a dower interest.

While there is some authority to the effect that where the devise and the interest taken under the law are identical, that the surviving spouse takes not as a devisee,

**114**

the language of §10572, GC, in effect at the time of the election in this case, to our mind, is conclusive that the widow takes as a devisee.

Sec 10572, GC, provided:
"If the widow or widower elects to take under the will, she or he shall be thereby barred of dower and such share of personalty, and shall take under the will alone, unless as provided in §10569 GC. But an election to take under the will does not bar the right to remain in the mansion of the deceased consort, or the widow to receive one year's allowance for the support of herself and children, as provided by law, unless the will expressly otherwise directs."

This section and the new section, it is to be noted, is not materially different in this respect, provides definitely that upon election the surviving spouse "shall take under the will alone." The fact that the statute preserves other privileges in case of election reinforces the conclusion above stated.

It is our conclusion, therefore, that the widow takes the interest in the testator's estate provided by law, but under the will, and as such is a devisee and tenant in common with the son of the testator and entitled to portition.

MATTHEWS and HAMILTON, JJ, concur.